## Knight *versus* Waterman.

The exception from a general assignment for the benefit of. creditors of certain specific property, without any stipulation, reservation, or condition in favour of the assignor, does not render it void as to creditors.

ERROR to the District Court of *Philadelphia*.*

This was an attachment execution, issued on a judgment obtained on the 16th April 1858, by Edward C. Knight against Henry White and James Stevens, trading as White, Stevens & Co., for $52,621, which was served on Isaac S. Waterman and others, as garnishees. The parties agreed upon a case stated, in the nature of a special verdict, in which the following facts were submitted for the opinion of the court:—

On the 11th November 1857, White, Stevens & Co. executed to Isaac S. Waterman a general assignment of all their estate, in trust for the benefit of their creditors, excepting therefrom "the bedsteads, bedding, bed, and table linen, also two mahogany dressing bureaus, being a part of the household furniture of the said Henry White; and all the household furniture of the said James Stevens."

This assignment was duly recorded on the 12th November 1857; and at the time of the service of the writ of attachment the assignee had in his hands the sum of $31,379.47, the proceeds of the assigned property.

Two other attachments were served on the garnishee, at the same time, one for $12,773.87, and the other for $22,695.96; and it was agreed, that if the court should be of opinion that the assignment was invalid, and that the funds in the hands of the garnishee were liable to be attached, that judgment should be entered in favour of the plaintiff for $13,363.68, that being his proportion of the fund attached; otherwise, judgment to be entered in favour of the garnishee.

The court below gave judgment for the garnishee upon the case stated; which was here assigned for error.

*Bullitt*, for the plaintiff in error.—We may reasonably infer, from the language of the recital in the deed of assignment, that the defendants did not intend to appropriate the excepted property to the use of their creditors, but proposed to exclude them wholly therefrom. Otherwise the exception would have been

* This case was decided on the 29th May 1858.

[Knight v. Waterman.]

unnecessary and without object.   We may also reasonably infer that it was the intent of the defendants to reserve the excepted property to their own use.   Before the assignment was made, the excepted property belonged to the assignors, and was used and enjoyed by them in like manner with their other property.   So far as the use and enjoyment of the excepted property is concerned, the deed of assignment merely left it where it already was.   With the exceptions above mentioned the assignment was general in its nature.   It was not an assignment of any specific property of White, Stevens & Co., and therefore not a partial one; but an assignment of all their property, with the above exceptions.

The question is—was the assignment, with such an exception or reservation, valid?   It is a settled principle, that a reservation to the grantor or his family, or any one not a creditor, of any trust, profit, or benefit out of the property conveyed, or of a credit on account of any part of it, is a fraud in law, and avoids the whole assignment: Thomas v. Jenks, 5 Rawle 221–227; 1 Am. Lead. Cas. 69, and the numerous authorities there cited.

Mulford v. Shirk, 2 Casey, 473–5, is not an exception to this rule.   That was the case of an assignment of all the estate of the assignor, in trust for the benefit of creditors, reserving, however, such property as is exempt from levy and sale, by the Act of Assembly of April 9th 1849, to the amount of three hundred dollars.   There it was not denied, that the assignment was general with a reservation; or that the reservation came within the letter of the rule which avoids such assignments.   It was held, that that case did not come within the reason of the rule, inasmuch as the reserved interest did not spring from the deed of assignment, but was created by an Act of Assembly.   Had the reserved interest, however, sprung from the deed of assignment, the court very clearly intimated that the assignment would have been void. In the case before us the excepted household furniture was not reserved by virtue of any Act of Assembly.   It would, had the subsequent clause not excepted it, have passed under the general grant.

The case of Boker v. Crookshank, 1 Phila. R. 193, is not only directly in point, but is stronger than the present.   In that case there was an assignment of all the property and estate of the assignors, excepting certain household and kitchen furniture, valued at $298.70, which were particularly described in a schedule annexed to the assignment.   It was held, that the reservation rendered the assignment void in toto.

There is a further reason why the assignment of White, Stevens & Co. should be declared void.   It is a general assignment of all the property of White, Stevens & Co., with a general reser-

[Knight *v.* Waterman.]

vation of the household furniture. It is a well-established principle, that a party cannot be a recipient of benefit under an instrument, and afterwards repudiate or assail it. Apply this principle to this case, and a creditor who receives a dividend under the assignment is estopped from subjecting the reserved property to his execution; the practical effect, therefore, of such an exception or reservation as is contained in the assignment of the defendants, is to hinder and delay creditors, and is, therefore, fraudulent and void as to such as choose to avoid it.

*Gerhard* and *Meredith*, for the defendant in error.—The whole question is, whether or not an assignment for the benefit of all the creditors of two parties, containing no reservation, condition, or stipulation of any kind whatever in favour of the assignors, is *fraudulent and void* as against creditors, because some of the property of the assignors is excluded from the operation of the assignment. The assignment in question is simply a *partial* assignment; but a *partial* one reserving no benefit or advantage of any description to the assignors or their families.

The distinction between a reservation and an exception, or an exclusion, is not a verbal but a substantial one; this distinction is pointed out in the elementary books. If an assignor makes a reservation, which the law does not *ipso facto* avoid, creditors would be delayed and hindered, for the assignment changes the property in the assigned subject, and it ceases to be open to execution, and the only remedy left to them would be a bill in equity. But this the law will not permit in regard to an unlawful reservation; and in such a case, the law either avoids the reservation or the assignment itself. But these assignors do not make any attempt to create any new interest or benefit out of the assigned property, either for themselves or their families. The words used in excluding the items of furniture enumerated, have the same effect and operation as if all the other items of property had been mentioned in the granting clause of the assignment, and no mention whatever had been made of the articles here excepted or excluded: *Coke Litt.* 47 a; Canal Bank *v.* Cox, *Greenl.* 395; *Angell on Assignments* 137, 138; Rahn *v.* McElrath, 6 *Watts* 155. This distinction is taken whenever the construction of assignments is under discussion.

In Pennsylvania, it is hardly necessary to support by argument, the validity of a partial assignment for the benefit of creditors, as it is recognised by an express statutory provision: Act 15th June 1836. It is difficult to see how a further authority upon this point can be needed. It has never been discussed in our books, because it was never until now even questioned, that a partial assignment, without any stipulation for the benefit of the

[Knight *v.* Waterman.]

assignor or his family, was valid. The courts in their decisions do, however, again and again declare the law to be as above stated, and reason from it as from a stand-point down to propositions less clear: McClurg *v.* Leckey, 3 *Penn. R.* 91; Mulford *v.* Shirk, 2 *Casey* 474; McAllister *v.* Marshall, 6 *Binn.* 345; Duhring's Appeal, 1 *Harris* 237; Wiener *v.* Davis, 6 *Harris* 332; *Id.* 333; Re Wilson, 4 *Barr* 448; Hennessy *v.* Western Bank, 6 *W. & S.* 300; Weber *v.* Samuel, 7 *Barr* 499; Englebert *v.* Blanjot, 2 *Wh.* 240.

PER CURIAM.—The exception in this assignment does no injury to creditors, and does not tend to hinder or delay them, and they cannot claim to avoid the assignment. The judgment of the District Court is therefore right.

Judgment affirmed.